UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Comillya Tolbert,                                         Case No. 17-cv-693

    Plaintiff

v.                                                         MEMORANDUM OPINION

Talecris Plasma Resources, Inc.,

    Defendant

## I. INTRODUCTION

Before me is Defendant Talecris Plasma Resources, Inc.'s unopposed Rule 12(b)(6) motion to dismiss. (Doc. No. 3).

## II. BACKGROUND

On March 3, 2017, Plaintiff Comillya Tolbert filed a *pro se* complaint in the Lucas County Court of Common Pleas against Defendant Talecris Plasma Resources, Inc. (Doc. No. 1-1). In the complaint, Tolbert stated that she is a donor at Talecris and alleged that she had been "mistreated, neglected, and abuse." *Id.* She also stated that she had been "harassed by fellow employees, nurse, doctor and other donors." *Id.* In explaining the alleged abuse, Tolbert stated that she was given "dirty looks" and that "they begin to gain up on her both sides of the party." *Id.* Ultimately, Tolbert requested "6 million dollars for the pain and suffering." *Id.*

Talecris removed the action to federal court under diversity jurisdiction since Tolbert requested $6 million in damages and there is diversity of citizenship. (Doc. No. 1). Talecris now seeks to dismiss Tolbert's complaint, stating that she has failed to state a claim for which relief may be granted. (Doc. No. 3)

## III. STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a lawsuit for "failure to state a claim upon which relief can be granted." Courts must accept as true all of the factual allegations contained in the complaint when ruling on a motion to dismiss. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Thurman v. Pfizer, Inc.*, 484 F.3d 855, 859 (6th Cir. 2007). To survive a motion to dismiss under Rule 12(b)(6), "even though a complaint need not contain 'detailed' factual allegations, its 'factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true.'" *Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice. *Twombly*, 550 U.S. at 555 (stating that the complaint must contain something more than "a formulaic recitation of the elements of a cause of action"). A complaint must state sufficient facts to, when accepted as true, state a claim "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that the plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully" and requires the complaint to allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct).

In conjunction with this standard, the Court is cognizant that Federal Rule of Civil Procedure 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.' Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. at 93 (citing *Twombly*, 550 U.S. at 596); *see also Sensations, Inc. v. City of Grand Rapids,* 526 F.3d 291, 295-96 (6th Cir 2008). The Court "may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

2

## IV. DISCUSSION

Pro se pleadings are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). "Such a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hughes v. Rowe*, 449 U.S. 5, 10 (1980). But pro se pleadings must "alert party defendants that they may be individually responsible in damages. The trial and appellate courts should not have to guess at the nature of the claim asserted." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). A simple "unadorned, the-defendant-unlawfully-harmed-me accusation" will not suffice. *Iqbal*, 556 U.S. at 678.

After liberally construing the complaint, I do not find Tolbert has asserted she is entitled to relief under the law. While Tolbert asserts she experienced "harassment" and "abuse," she fails to allege any violation of the law. It is not the duty of the district court to construct claims out of vague "defendant-unlawfully-harmed-me accusation[s]" by pro se plaintiffs. Since Tolbert has failed to assert any facts that would suggest a plausible claim entitling her to relief, Talecris' unopposed motion to dismiss is granted. (Doc. No. 3).

## V. CONCLUSION

For the foregoing reasons, Defendant Talecris Plasma Resources, Inc.'s unopposed motion to dismiss is granted. (Doc. No. 3).

So Ordered.

                                                s/ Jeffrey J. Helmick
                                                United States District Judge